and thank you your honor and if I could please reserve just a couple of minutes on rebuttal okay wonderful thank you judge so there are a couple of delineating factors about the pre-indictment exploration of attachment here that hasn't been before this court or the Supreme Court one of them is neither court has explored the attachment of counsel pre-indictment in non-investigative function of the government so a prosecutorial function of the government and we know that that's the case here for a couple of reasons one is there was a target letter that said there was a potential resolution on the tape pre-indictment plea resolution dealing with the United States sentencing guidelines and admissions of guilt and factual admissions and we we know that they intended to prosecute because five days after mr. Olson's counsel below said no on his behalf to the offer five days later the indictment was returned so we knew and and the government had mentioned exactly which charges were going to be coming in communications with counsel pre-indictment so we know that the proposed indictment was at the government knew which charges were coming and there was discussion with guidelines calculations with counsel below ahead of time and so for these reasons we know that the investigative phase had ended and the prosecutorial phase had begun so that kind of fact pattern has yet to be before this court or the United States Supreme Court the other difference is never before this pre-indictment guilty plea resolution proposal post Lafleur so every every time that the court this court has considered the set of facts in the United States Supreme Court is considered the set of facts the Sixth Amendment right to counsel had not yet attached explicitly to the guilty plea process so there's a competition between two constitutional scenarios here we have on the one hand the criticality of the proceeding and then on the other hand attachment well up until now so can I ask you a question what in your view did we mean when we said bright line rule I think that mean there's holes in it I think I I do think that there's I wouldn't use the word holes I think that's a loaded term but both this court and the United States Supreme Court always when discussing a bright line rule the the phrase the phrase after that is always the initiation of criminal proceedings and then there's always this four-factor investigation by the court of investigative versus prosecutorial function the government's commitment to experts adversary and whether it's a critical stage of the proceeding so I turn to the sister circuit the Sixth Circuit's dissent where they say yes courts are always throwing this term bright line around but in the very same paragraph often in the same sentence they say the bright line is the commencement of criminal proceedings which then there's in a positive that never just stops there and that's what was so curious to the dissent in the Sixth Circuit Turner case was the analysis that could just be a full stop has this individual been arraigned undergone a probable cause determination of preliminary hearing or been indicted and if the answer is no then that should be the end of the analysis but where the courts turn from the Supreme Court to the Sixth Circuit to this circuit is these four factors the court is always reaching out to these four factors all of which are met in flying colors here and I will note that in Kirby and Guvia the two Supreme Court cases that we've been discussing at length in the briefs there's kind of a and I don't want to say an apology but there's always there's this phrase this is not mere formalism but the set of circumstances before this court with these four factors in mind and looking to the fact that the Supreme Court even runs through these four factors every single time reduces the bright line to mere formalism if it is in fact has the guy been arraigned or gone through a preliminary hearing because we know here that literally the only reason the indictment which it did five days after mr. Olson mr. Olson's counsel said no on his behalf to the negotiation five days later the indictment was returned so in this instance because the investigative function had completely stopped there was even a discussion of discovery between mr. Olson's counsel below and government counsel the investigative function had completely stopped if that right line applies in fact not to the initiation of judicial proceedings as one could understand a plea agreement discussion but rather arraignment preliminary hearing or indictment that would reduce well let me ask you this what did we mean when we say right to counsel attaches only after the when the government proposes a document by which one forfeits his right to trial concedes illegal activity and triggers a judgment of conviction I would argue that that would fall within the analysis of whether or not a man is facing charges I don't want to throw air quotes up in front of the Ninth Circuit but certainly what's different about the proposed guilty plea agreement and say and then a lineup a photo lineup one of them can certainly damage one's strength at trial or one's chances of trial a photo lineup without counsel that's certainly going to damage rights truck when the government your time is going let me ask you one more question because I think I understand your line of argument but let me ask you this he had counsel and your position is that counsel was ineffective but we have all this evidence in the record that counsel did notify him of the plea offer and took the position that I couldn't couldn't do a plea until there were charges and and you had an idea of what the evidence was what are you your client just says he wasn't notified of the offer so what do you intend to show I to take a hair and firmly split it what I my position before the court is that he was entitled to have his habeas petition decided on the merits as opposed to as a matter of law and I think that would that would entitle both judge Wexler and Mr. Olson presenting evidence before the court so that it could be decided on the merits in fact he not only had counsel but he had appointed counsel and he had appointed counsel because as I understand it the u.s. attorney advised him to go to the office and get an appointed counsel so I gather there is a it is and my day job is a trial lawyer and I can advise that this is a very common practice to you know I stipulate to continue preliminary hearings pre-indictment all the time to reach negotiations and I have very I mean the Bar Association imposes stringent ethical duties upon me even in that pre-indictment situation much like the government has an ethical duty not to have a lawyer the lawyer has ethical duties that's not my question the question is that the that it appears that the practice at least in this district is to appoint counsel once a target letter of this kind is sent is that accurate that's what that is accurate your honor and that's just oh so we're lawyers are being paid even though there's no right to counsel so I say this may be a better question for your opponent but it's an anomaly as I it seems to me if in fact there's no right to counsel and I would and I would agree with your honor and I would just add that it's generally only under these circumstances where there is a desire to resolve I see well yes but there's a there's a letter of this kind all right thank you very good we'll give you two minutes for a bottle appreciate that your honor yeah mr. honey good morning your honors can you hear me we can't thank you thank you good morning your honors may it please the court le rohani for the United States judge Berzon I'd like to begin by answering your question in the pre indictment target letter process a defendant or a proposed defendant would reach out to the clerk of the court who would then refer them to the federal defenders office that formal appointment process actually doesn't happen until the person appears in court either at the time of the waiver of indictment and entry of the information where counsel is formally appointed or in the process of a complaint when they make their initial appearance so that formal appointment process where counsel would start getting paid if that's your honor's concern doesn't actually happen until they appear before the court and I think that that's part of the crux of the issue here is that if there is a as it really opens up this Pandora's box of problems so what happens if a defendant decides to represent himself well then how has he made a knowing involuntary waiver how can the court make that determination how can he negotiate on his own behalf is there a Faretta process that would happen and really I think that is I mean the answer I suppose is one can adjust the scope of right to counsel to the circumstances and in that regard I am I mean we obviously I mean you're obviously in very good state here because of these various sentences in Supreme Court opinions and in Haynes but but they didn't deal with the situation in which you have a an essentially dispositive proceeding which is going to preclude the the trial so that and resolve the is your position go to when you say there's no right to counsel you tend to be thinking about appointed counsel but I guess you must mean no right to counsel at all so the u.s. attorney could say I'm not going to talk to you I if you say well I want you to talk to my retained counsel in the u.s. attorney could say no I won't all right hypothetically yes your honor I think in this particular case based upon the target letter that mr. Pugh sent to mr. Olson it specifically indicated that his retained counsel could also reach out to mr. Pugh you could just avoid dealing with lawyers at all insist on dealing with the individual all right yes your honor in the sense that if there is no Sixth Amendment right to counsel that counsel would would be an appointed counsel I guess in in the context of this case if mr. and I have to put it in the in the form of a hypothetical your honor to sort of delve into the question is that if mr. Olson had retained counsel in this case mr. Pugh had made and we were in the same posture but it was written miss Wexler was retained counselor as opposed to being employed by the Federal Defender's Office the right to counsel is really an attachment question and so perhaps if you don't mind me asking this this is really in an odd posture because most of the cases are whether or not the person had the right to counsel and he didn't have counsel yeah so here he's got counsel and now you're saying well but he has no right to effective counsel at this point so it's that's us that's a different question I think your honor and and I think that this this really gets into what the Supreme Court was talking about when they're talking about the different Roth Gary when they're talking about the difference between the critical stage of the proceedings so of course during a critical stage of the proceedings you're entitled to effective assistance that's a different question entirely than whether you have a right at all so if he has no right at all whether that person was effective or ineffective is really irrelevant and that's I think what judge Gordon was grappling with in the district court as he said whether miss Wexler was effective or ineffective is irrelevant because he doesn't have a right to counsel full stop that's the bright line rule of the circuit that's the interpretation that this court has taken of the Supreme Court authority and so that's the end of the inquiry is that there's an ethical obligation I'm a little confused but there's an ethical obligation to deal with counsel if someone is represented and you can't the government can't say I I'm going to deal only with you and not with your counsel that when he knows that he's represented so I'm a little I'm not quite sure and and that and there would be now there could be malpractice but that doesn't give rise if when there's when there's counsel does something wrong but that may not give rise to abuse that's exactly right your honor and I think that you stated it much more eloquently than I did the judge was on this is also to your point is is that if mr. Olsen had retained counsel mr. Pugh would have an ethical obligation to deal with that counsel but that's how now completely different inquiry excuse me say well if you're gonna have counsel unless that's it there's no I'm just withdrawing the offer because I don't want to deal with counsel right good I don't know that that what I mean I think based upon the based upon the target letter that was sent I just don't see that as being a possibility in the scope of this for what the reach of your argument your honor I don't I think that that actually my but there could be I is invitation to manipulation right in other words we know that he had done the same thing the day after he filed the indictment rather than day before there would have been a right to counsel and I am NOT don't have my feet in the ground sufficiently to know how whether this is since Lafleur has become a more there is obviously a incentive to create one right and the question is is it does the sentences in these opinions encourage that relation the system essentially in in a hypothetical world yes your honor but it's my understanding this Department of Justice's policy that we certainly advise defendants of their of their ability to seek out the counsel of somebody if they choose to but I think that that is a different question than whether there is whether the Sixth Amendment by itself recognizes that right to counsel and your real objection and this was true as well as to the ineffectiveness part your real concern is with applying the ineffectiveness part not with him having a lawyer and you're dealing with the lawyer that is that accurate I'm sorry your honor like my my concern I'm not understanding your question could you my question is it appears that your concern is although you're asserting a broad proposition your concern is with the effectiveness possibility not with you're not really defending on a practical ground at least notion that there shouldn't be counsel involved in these negotiations and I'm and let me government counsel I mean the problem here is that we have some sentences and some opinions which don't have anything to do with this particular circumstance which are if you read them on their reclusive so therefore we have to do though I'm a much higher level in this particular case so I am talking more I gather that you you it's not only the negotiations but the putting the goat but putting the material on paper the actual agreement as to which you say there's no right to counsel that's correct your honor and and that stems directly from the text of the the Sixth Amendment so I think that what your honor is getting at is is this sense of unease I think that comes out in the in dissents where you know there's this there's there's this but there's a attention here but in fact a defendant may have rights under different amendments he may have different rights under the due process clause he may have different rights in in the the ethical apply both to prosecutors and the ethical rules that apply to the defense attorneys and so I don't want there to be this impression that defendants are completely left to the wolves in this pre-indictment process that's just not correct well so you have right it just doesn't arise under the Sixth Amendment I mean what you're saying is it doesn't have a right of effective assistance we yes I mean I guess that I have to be saying that because if there's no Sixth Amendment right to counsel then it also flows that he has no right to pre indictment right so then you know plea negotiations are a critical part of the where it derives but seems to be you don't have a right to effective assistance of counsel during them one of the most critical proportions of the criminal proceedings which seems a bit odd and your honor I I understand the position but I think that that is ultimately what was the confusion in Ross Gary which the Supreme Court specifically said that the defendant in that case made the mistake of confusing the critical stage question with the attachment question plea negotiations are a critical stage that's under Missouri under a long line of cases and ultimately culminating in Missouri versus Frye but ultimately those questions have to be kept distinct and that is the problem here is that mr. Olson wants to conflate those two he wants to superimpose them but the Supreme Court has said very clearly that you have to keep the critical it is a critical stage we agree but it doesn't occur it was me I'm sorry your honor it was in the opposite direction right the problem there was that right attached but we're not saying it's critical right so they didn't say you could have a critical stage but the right doesn't attach it was the opposite right that's that's well Ross Gary dealt with the prosecutor not even being involved at that point that was a case where he was hailed yes the right attaches but that doesn't determine whether it's a critical stage at which you have to have a lawyer and you're arguing the opposite have a critical stage in which a lawyer is really essential to do anything sensible just positive I mean unlike all the other cases which are investigatory they may be helpful to have the lawyer but here you could have given a permanent the case and you're saying that that it's now saying it's critical but the right doesn't attach I thought you were saying there's no case I don't know I'm not quite sure how it can be a critical stage of a prosecution if there's been no prosecution yet well that that's correct your honor I think that so so to be clear is that plea negotiations generally speaking are a critical stage of the proceedings and I think that but the Supreme Court hasn't sort of grappled with this issue the Sixth Circuit has on multiple occasions and the Supreme Court has denied certain let it stand and I think that part of it is because of the can of worms that you open up if you ultimately say that there is a Sixth Amendment right to counsel pre-indictment and that's what this court was getting at in Hayes is that in that case the government actually used a trial mechanism to hail the defendant into court and even then this court said that's not sufficient because he may not have never have been indicted and in fact mr. Olson might not have been indicted if the grand jury returned a no true bill mr. Olson was free and clear so I think if you're thinking about what is the critical stage it's a critical stage of some type of adverse judicial process there was no judicial process at all during this pre-indictment negotiation your honors I see that I'm well over my time I'm sorry to answer any additional questions thank you we would ask that you affirm the district court's decision I judge just one moment I've lost connection through my VPN if you could just give me one moment I'm so sorry Olivia this is Kwame I've got clock control what do you need done thank you go ahead judge Thomas I'm sorry you need to put screen on it's not Kwame there we go Mr. Hilling may proceed with your rebuttal I'm afraid you're muted thank you your honor I wanted to seize upon something that judge Berzon said in relation to a question that judge Schroeder posed the government which is that there weren't any proceedings or there wasn't a prosecution underway here and what I want to impress upon the court and what makes this situation so unique as opposed to those investigative functions that courts have analyzed before is had he signed that agreement that was proposed pre-indictment that would have convicted him of four felonies and given him a total offense level of 21 which I think he was a category one and would have disposed of any need for prosecution because he would have waived his right to an appeal waived his right to a trial been convicted and conceded factual guilt without any Sixth Amendment rights whatsoever that's what makes this case different than say a photo line-up there would have been a rule 11 colloquy anyway right whether it not be because it was never a prosecution well yeah there would have been there would have had to have been a colloquy correct there would have still have to have been an indictment or a complaint and there would have had to be a rule 11 colloquy so there was some check on this there were true and it probably would have been an information right and a colloquy however the terms of that agreement would have been no longer subject to change I mean certainly he could have unless he got up there and right in in which case now the he's been charged and if if the government is to be believed in this case the posture of negotiations would have forever changed and in fact they did he ended up with a higher total offense level post-charge so yes that there would there there would be a colloquy but if it falls has passed pre-indictment and the posture that negotiation is going to change substantially like it did here so not to mention if he does withdraw a plea he signed it those are admissible against him should he testify a trial so it's still going to be factual admissions to criminal conduct that exactly upon the elements of what the government would have to prove a trial because it would have been a guilty plea agreement on on ostensibly one of the charges that would come down through an indictment later on so I think anecdotally what I can tell the court is although the majority of my practice is privately retained on a number of occasions either for grand jury subpoena or for pre plea negotiations I have been appointed and remunerated by the CJA program that's the best I can to your honors and with that I appreciate your time and attention and I will submit it thank you both for your arguments today the case just argued will be submitted for decision and we will proceed with the argument in the next case
judges: Schroeder, Thomas, Berzon